IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Petitioner,   No. CIV S-02-0373 FCD DAD P

    vs.

CALIFORNIA ATTORNEY GENERAL, et al.,

    Respondents.   ORDER

/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges both his conviction on a charge of littering and the finding that he violated his previously imposed term of probation. He raises four claims for relief.

BACKGROUND[1]

    On July 14, 2000, a first amended complaint in case No. 00-2048 was filed in Yolo County Superior Court charging petitioner with littering on public or private property in violation of California Penal Code § 374.4(a), an infraction. (Answer, Ex. A at 13.) That same

---

[1] The following summary is based on state court records lodged in this action. As explained below, the lodged documents in this case are confusing, possibly in error, and conflicting.

1

day, a court trial was held in that case and also in case No. 97-3363, which involved petitioner's alleged violation of probation. (Answer, Ex. B at 5; Ex. C at 14, 15.) After hearing testimony, the trial court found petitioner guilty of littering and of violating the terms of his probation. (Answer, Ex. B at 5; Ex. C at 32.) On August 18, 2000, petitioner was sentenced to 10 days in the county jail or a jail release/work program, to commence on November 15, 2000. (Answer, Ex. A at 30.) On that same date, petitioner filed a notice of appeal. (Id. at 18.) On June 14, 2001, the Appellate Department of the Yolo County Superior Court issued a decision affirming the judgment of conviction and on September 25, 2001, a remittitur issued. (Id. at 41-43.)

On September 26, 2001, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Answer, Ex. D.) The Supreme Court denied the petition on January 29, 2002, citing In re Waltreus, 62 Cal. 2d 218, 225 (1965) and In re Lindley, 29 Cal. 2d 709, 723 (1947). (Id.)

On February 19, 2002, petitioner filed a petition for writ of habeas corpus in this court. By order dated March 5, 2002, that petition was dismissed with leave to amend on the grounds that: (1) petitioner had failed to allege with particularity facts demonstrating he was "in custody" pursuant to the state court convictions at issue in this action when he filed his petition; and (2) petitioner had named the wrong respondent. On May 13, 2002, petitioner filed an amended petition for writ of habeas corpus. On June 25, 2002, respondents were directed to file an answer to the petition. On October 23, 2002, respondents filed an answer and on November 4, 2002, petitioner filed a traverse.

JURISDICTION

A writ of habeas corpus pursuant to 28 U.S.C. § 2254 is available only to a person "in custody" pursuant to the judgment of a state court. See 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted the statute as requiring the habeas petitioner to be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citing Carafas v. LaVallee, 391 U.S. 234,

1  238 (1968)).  "[O]nce the sentence imposed for a conviction has completely expired, the
2  collateral consequences of that conviction are not themselves sufficient to render an individual 'in
3  custody' for the purposes of a habeas attack on it."  <u>Maleng</u>, 490 U.S. at 492.  Put another way,
4  "collateral consequences preclude mootness, but do not satisfy the 'in custody' requirement."
5  <u>Feldman v. Perrill</u>, 902 F.2d 1445, 1448 (9th Cir. 1990) (explaining the effect of the <u>Maleng</u>
6  holding on the "in custody" requirement).  "[T]he 'in custody' requirement is jurisdictional."
7  <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir. 1998) (citing <u>Maleng</u>, 490 U.S. at 490).
8  Therefore, the court lacks subject matter jurisdiction over a habeas petition if the petitioner is not
9  in custody at the time the petition is filed.  <u>Maleng</u>, 490 U.S. 488 at 490-91; <u>De Long v.</u>
10 <u>Hennessey</u>, 912 F.2d 1144, 1146 (9th Cir. 1990).

11         Actual physical custody is not required in every action brought pursuant to 28
12 U.S.C. § 2254.  <u>See Maleng</u>, 490 U.S. at 491; <u>Justices of Boston Mun. Court v. Lydon</u>, 466 U.S.
13 294, 300-01 (1984); <u>Hensley v. Municipal Court</u>, 411 U.S. 345, 348, 351 (1973).  However, a
14 petitioner's claims are cognizable in a federal habeas corpus proceeding only if the petitioner is
15 either incarcerated as a result of the conviction at issue or is subject to relatively certain, if not
16 imminent, incarceration based on the conviction being challenged.  <u>See</u> <u>Hensley</u>, 411 U.S. at
17 351-52 (noting that the "in custody" requirement demands more than a "speculative possibility"
18 of incarceration).  In other words, some form of objective restraint on liberty is required to
19 invoke the remedy.  <u>See</u> Advisory Committee Note, 1976 Adoption, Rule 1, Rules Governing
20 Section 2254 Cases.

21         Petitioner asserts that the federal courts have jurisdiction to review the instant
22 petition because he satisfied the "in custody" requirement of the federal habeas statute at the time
23 this action was filed on February 19, 2002.  (Brief attached to Pet. (hereinafter P&A) at 22-24.)[2]

---

[2] Although petitioner's argument in this regard is entitled "US Court of Appeals has Jurisdiction," this court assumes petitioner is referring to federal courts in general, including this court.  (<u>See</u> P&A at 22.)

On the face page of his May 13, 2002 petition, petitioner represents that he served four days of a fourteen-day sentence and that the remaining ten days were stayed pending his appeal. Petitioner argues that he is in "constructive custody" because his sentence on the conviction was stayed pending appeal and is still stayed "pending Writ, constituting constructive custody." (P&A at 22.) Petitioner represents that he will be required to serve 10 days in jail if his conviction is not overturned. (Id.) Petitioner also argues that this court has jurisdiction over his claims because this case has "collateral consequences" and is "capable of repetition, yet evading review." (Id. at 22, 24.) Specifically, he informs the court that he has been convicted of several violations of the law in his attempts to keep sidewalks in the City of Davis safe by moving recyclable waste from the sidewalks to the streets. He represents that his attempts to force Davis authorities to keep the sidewalks clear of recyclable waste has been successful in that the authorities are now enforcing laws prohibiting the placement of waste on the sidewalks. However, he argues that if "justice is not upheld" by the granting of his writ the situation might deteriorate resulting in further protest on his part and the imposition of additional convictions.

      The state court record lodged in this court does not necessarily support petitioner's factual assertions with respect to his sentence and may even contradict those assertions. In one document contained in the lodged record, it appears that only a fine was imposed against petitioner. (Answer, Ex. B at 6.) In another document, petitioner's appellate counsel informed the Yolo County Superior Court in a document entitled "request for stay of jail time" that petitioner "was ordered to serve 10 days in the county jail or other jail release/work program commencing November 15, 2000." (Answer, Ex. A at 30.) However, there are no underlying lodged state court records supporting this description of petitioner's sentence. Finally, as described above, in the petition filed in this court petitioner states that he received a sentence of 14 days in jail.

      It appears that petitioner requested a stay of his sentence pending appeal in the California Supreme Court. (Answer, Ex. A at 32.) However, minute orders appearing as part of

4

the state court record lodged in this court reflect both that this request was granted and that the request was denied. (Answer, Ex. B at 19, 22, 26.) The California Supreme Court denied petitioner's petition for writ of habeas corpus on January 29, 2002. (Answer, Ex. D.) Accordingly, it would appear that petitioner could have already served his stayed sentence by the time this action was filed on February 19, 2002. Finally, even if petitioner received a stay of his sentence pending state appellate review, as he states, there is no indication in the record that petitioner's sentence was stayed pending review in the federal courts.

Respondents agree that this court has jurisdiction over petitioner's claims, but for a different reason. (Answer at 17-18.) Respondents state that petitioner was "in custody" at the time the amended petition in this matter was filed on May 13, 2002, because "the record indicates" that on April 16, 2002, petitioner was ordered to serve six months in the county jail in connection with this matter. (Id. at 17.)[3] Indeed, minute orders lodged as part of the record before this court reflect that on April 16, 2002 and/or on April 23, 2002, petitioner was sentenced to six months in County Jail in case No. 00-2048. (Answer, Ex. B at 29, 30.) However, petitioner disputes this, asserting that the trial court imposed the six month jail sentence based upon a violation of probation in another case and not in this case. (Traverse at 4.) Petitioner explains that "blatant inaccuracies have occurred in the minute orders of this case." (Id.)

On the state of the lodged record, it is impossible to determine whether jurisdiction over petitioner's claims exists in this court. Because of the jurisdictional nature of the "in custody" requirement, the parties will be directed to file further briefing directed to the question whether this court has subject matter jurisdiction over this action. In this regard, the parties are requested to explain and document with particularity facts demonstrating whether petitioner was "in custody" pursuant to the state court convictions at issue in this action when he filed his petition on February 19, 2002. In doing so, the parties must provide evidence of the

---

[3] The court notes that, even if this is true, petitioner would not have been subject to this six month jail term at the time the original petition was filed in this matter on February 19, 2002.

5

specific sentence received by petitioner as a result of his conviction and/or probation revocation in this case and must clarify if and when that sentence was served. Unsupported allegations will not suffice.[4]

Accordingly, IT IS HEREBY ORDERED that within forty-five days from the date of this order, both parties shall file further briefing addressing whether this court has subject matter jurisdiction over petitioner's claims. If necessary, the parties shall expand the record with

---

[4] The parties are advised that there are other deficiencies in the state court record lodged with this court as well. For instance, the lodged record reflects a conflict as to whether petitioner was convicted of the infraction of "dumping" or the different infraction of "littering." The reporter's transcript of the trial and the amended complaint filed against petitioner on the first day of trial, indicate that petitioner was convicted of littering, in violation of California Penal Code § 374.4(a). (See Answer, Ex. C.) However, all of the documents in the state court record indicate that petitioner was charged with and/or convicted of dumping, a violation of California Penal Code § 374.3(a). (See Answer, Ex. B.) To add to the confusion, while the Appellate Division of the Yolo County Superior Court noted that petitioner was informed his court trial would involve "the littering infraction," the court proceeded to analyze petitioner's claims as if he had been convicted, instead, of the "dumping" infraction. (Answer, Ex. A at 42-43.) This confusion extends to the briefs filed in this court. Although petitioner claims he was convicted of a violation of California Penal Code § 374.3(a) (dumping) and that there was insufficient evidence to support that conviction, respondents answer that petitioner was convicted of a violation of California Penal Code § 374.4(a) (littering) and that there was sufficient evidence to support **that** conviction. In the traverse, petitioner continues to assert that he was convicted of a violation of California Penal Code § 374.3(a). Finally, there is no documentation in the court file of the probation violation charge against petitioner, of which he complains, or of petitioner's arraignment.

If this court finds that it has jurisdiction over this matter, the record must be clarified and/or augmented in order to allow a coherent analysis of petitioner's claims. The court notes in this regard that respondents are required to attach to their answer all parts of the transcript that are considered relevant to petitioner's claims. (Rule 5(c) of the Rules Governing Section 2254 Cases.) However, with respect to a writ of habeas corpus, "[t]he burden of proof at all times remains with the Petitioner. Petitioner has requested the writ, and it is thus Petitioner's burden to persuade this court that a state court reached a decision that was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" Williams v. Runnels, 312 F.Supp.2d 1266, 1273 (C.D. Cal. 2004) (citing Price v. Vincent, 538 U.S. 634, 641 (2003) (citing Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (per curiam)) (noting that the habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority). See also Wildman v. Johnson, 261 F.3d 832, 837 (9th Cir. 2001) ("[p]etitioner cannot meet his burden (of demonstrating that a state court's application of clearly established federal law is objectively unreasonable) by simply convincing the federal court that he has the better of two reasonable legal arguments"). In addition, 28 U.S.C. § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

1  accurate records of the underlying state court proceedings in order to clarify petitioner's "in
2  custody" status.
3  DATED: July 1, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:sherm373.fb