IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

Petitioner, No. CIV S-02-0373 FCD DAD P

vs.

CALIFORNIA ATTORNEY GENERAL, et al.,

FINDINGS & RECOMMENDATIONS

Respondents.

_______________________________/

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction on the charge of littering and of violating the terms of his probation. He seeks relief on the grounds that: (1) he was denied his First and Fourteenth Amendment rights to liberty, freedom of assembly, equal protection and due process as a result of his prosecution for littering; (2) there was insufficient evidence to support his conviction for littering and the finding that he was guilty of violating his probation; (3) he was denied his Sixth Amendment right to notice of the charges against him; and (4) he was denied his due process right to a hearing in connection with the charge of violating probation. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

PROCEDURAL BACKGROUND[1]

On March 7, 2000, petitioner was cited by Davis Police Officer Chris Sihner with a violation of "374(a) PC - Littering." (Answer, Ex. A at 2-A.)[2] That charge was subsequently modified to a violation of Cal. Penal Code § 374.3(a): dumping waste matter on a public or private highway or road (dumping). (Id.; see also Ex. A at 7, 15.) On June 16, 2000, petitioner was arrested for a violation of Cal. Penal Code § 374.3(a) (dumping). (Yolo County Sheriff's Department Jail Management Inmate Booking Sheets (Booking Sheets), lodged August 12, 2005, at 24.) On July 14, 2000, the prosecutor filed a first amended complaint in Yolo County Superior Court in case No. 00-2048, which amended the charge against petitioner stemming from the March 7 incident to a violation of Cal. Penal Code § 374.4(a): littering on public or private property (littering), an infraction. (Answer, Ex. A at 13.) That same day, a court trial was held in case No. 00-2048 and also in case No. 97-3363, the latter of which involved petitioner's alleged violation of probation in connection with a previous conviction of misdemeanor trespassing. (Answer, Ex. A at 42-43; Ex. B at 5; Ex. C at 32.)

After hearing testimony, the trial court found petitioner guilty of littering and of violating the terms of his probation. (Answer, Ex. B at 5; Ex. C at 32.) The trial court referred the matter to the probation department. (Answer, Ex. B at 5; Ex. C at 33-34.) On July 21, 2000, petitioner filed a "Petition for Appeal" in the Yolo County Superior Court. (Answer, Ex. A at 16-17.)

On August 18, 2000, petitioner was sentenced to 10 days in the county jail or a jail release/work program, to commence on November 15, 2000. (Answer, Ex. A at 30.) On that

---

[1] The state court records lodged in this matter are confusing and contain apparent clerical errors. This procedural background, which is based on the documents filed in this action, is as close as the court can get to an accurate statement of the relevant facts.

[2] Respondents filed two answers in this matter: one on October 23, 2002, and the other on October 28, 2002. Unless otherwise indicated, a citation in these findings and recommendations to the "answer" refers to the October 28, 2002 answer.

same date, petitioner filed another notice of appeal. (Id. at 18.) On August 22, 2000, petitioner filed a "Petition for Stay of Execution of Sentence." (Answer, Ex. A at 22.) On November 1, 2000, petitioner filed a request for a stay of the ten-day jail term pending his appeal in the Appellate Department of the Superior Court. (Id. at 30.) On November 8, 2000, the November 1, 2000 request was granted. (Answer, Ex. B at 7.) On June 14, 2001, the Appellate Department of the Yolo County Superior Court issued a decision affirming the judgment of conviction and on September 25, 2001, a remittitur issued. (Answer, Ex. A at 41-43.)

On September 26, 2001, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Answer, Ex. D.) On October 10, 2001, the Yolo County Superior Court denied petitioner's motion for stay of sentence pending further appeal, without prejudice. (Answer, Ex. B at 19.) The California Supreme Court denied petitioner's habeas corpus petition on January 29, 2002, citing In re Waltreus, 62 Cal. 2d 218, 225 (1965) and In re Lindley, 29 Cal. 2d 709, 723 (1947). (Answer, Ex. D.) On March 19, 2002, the Yolo County Superior Court noted that petitioner's sentence had not been ordered stayed pending appeal, apparently to clarify the record since a prior order had incorrectly indicated that petitioner's sentence had been stayed pending appeal. (Answer, Ex. B at 22, 26.)

On February 19, 2002, petitioner filed a petition for writ of habeas corpus in this court.[3] By order dated March 5, 2002, that petition was dismissed with leave to amend on the grounds that: (1) petitioner had failed to allege with particularity facts demonstrating he was "in custody" pursuant to the state court convictions at issue in this action when he filed his petition; and (2) petitioner had named the wrong respondent. On May 13, 2002, petitioner filed an amended petition for writ of habeas corpus. On June 25, 2002, respondents were directed to file

[3] Subsequent to that date, on April 23, 2002, the Yolo County Superior Court ordered that petitioner serve six months in county jail, to be served consecutively with the sentence on Yolo County Superior Court case No. 99-6350. (Answer, Ex. B at 30; Booking Sheets at 21.) On April 30, 2002, petitioner was released with time served, "per consent decree." (Booking Sheets at 20.)

an answer to the petition. On October 23, 2002 and October 28, 2002, respondents filed an answer. On November 4, 2002, petitioner filed a traverse. By order dated July 5, 2005, the parties were ordered to file briefing addressing whether this court has subject matter jurisdiction over petitioner's claims. Respondents filed a supplemental brief and the Booking Sheets on August 11, 2005. On August 22, 2005, petitioner filed a brief statement regarding jurisdiction and a request for extension of time to comply with the July 5, 2005 order. The request for an extension of time was granted by order dated August 30, 2005. Petitioner did not file any additional briefing.

FACTUAL BACKGROUND

At petitioner's trial Jennifer Bokhari testified that on March 7, 2000, she lived at 1570 Drake Drive in Davis, California. (Answer, Ex. C at 16.) That morning, from her home, she observed petitioner kicking garbage bins containing recyclable garbage "down the street." (Id. at 16.) The contents of the bins spilled into the gutter. (Id. at 17.) At that point, Ms. Bokhari called the police department to file a complaint, as she had previously been instructed to do. (Id.) She testified that she and her neighbors put their recycling bins on the sidewalk every Tuesday. (Id. at 17.) She was not aware of any prohibition against putting recyclables on the sidewalk. (Id. at 18.)

Davis patrol officer Chris Sihner testified that on March 7, 2000, he received a citizen's complaint that someone was kicking recyclable trash onto the street. (Id. at 20.) He contacted petitioner, who admitted that he had "kicked the recyclables out to the street." (Id.) Officer Sihner also observed trash in the street and a waste truck picking up the trash. (Id. at 21.) Officer Sihner issued petitioner a citation for littering. (Id.) Petitioner told Officer Sihner that he thought it was illegal to put recyclables on the sidewalk. (Id. at 22.) The officer told petitioner that didn't give him the authority to kick trash out onto the street. (Id.)

Petitioner testified that by the time Officer Sihner arrived at the scene, the recyclable trash had already been picked up by the "recycle people." (Id. at 24.) He stated he

simply "scooted" the recyclable trash off of the sidewalk and into the street so that it would not "be a danger to people." (Id.) He testified that he had complained to Davis authorities about the fact that people were putting their recyclable trash on the sidewalk, creating an impediment to pedestrian traffic. (Id. at 24-25.) He stated that he had "taken several different directions to try to resolve this," and had also "scooted" the trash off the sidewalk on several occasions so that people could get by. (Id. at 25.) He testified that he did not intend for trash to spill onto the street. (Id.) On cross-examination, petitioner admitted that he "scooted" the trash containers off the sidewalk and that it was possible some of them tipped over. (Id. at 26.)

JURISDICTION

Petitioner asserts that the federal courts have jurisdiction to review the instant petition because he satisfied the "in custody" requirement of the federal habeas statute at the time his petition was filed. (Pet. at 22-24.) See 28 U.S.C. § 2254(a) (a district court "shall entertain an application for a writ of habeas corpus pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States"). Respondents agree that this court has jurisdiction over petitioner's claims. (Answer at 17-18; Further Briefing Regarding Subject Matter Jurisdiction, filed August 11, 2005 (further briefing), at 1-4.) After reviewing the lodged state court record, this court also concludes that it has subject matter jurisdiction over petitioner's claims. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (the "in custody" requirement is jurisdictional; the court lacks subject matter jurisdiction over a habeas petition if the petitioner is not in custody at the time the petition is filed); De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (same). Petitioner filed the instant petition on February 19, 2002. At that time, as described above, he was either in physical custody or faced the pending execution of his sentence. Accordingly, he was "in custody" at the time his petition was filed and met the jurisdictional requirement. See Jones v. Cunningham, 371 U.S. 236, 239 (1963); Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir.

/////

1993) (custody refers to "significant restraint" upon a person's liberty "not shared by the public generally").

ANALYSIS

I. Standards of Review Applicable to Habeas Corpus Claims

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.

However, a "claim of error based upon a right not specifically guaranteed by the Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so infects the entire trial that the resulting conviction violates the defendant's right to due process." Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th Cir. 1980)). See also Lisenba v. California, 314 U.S. 219, 236 (1941); Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). In order to raise such a claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). See also Henry, 197 F.3d at 1031; Crisafi v. Oliver, 396 F.2d 293, 294-95 (9th Cir. 1968). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) as amended by the AEDPA, sets forth the following standards for granting habeas corpus relief:

/////

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001).

II. Constitutional Rights Pursuant to the First and Fourteenth Amendments

In his first claim, petitioner contends that his First and Fourteenth Amendment rights to "liberty, freedom of assembly, equal protection, and due process" were violated because he was charged with littering while his neighbors, who placed the trash on the sidewalk, were not charged with a violation of any law. He argues that his neighbors' actions in blocking the sidewalk violated the California Penal Code and the Davis Municipal Code but that his actions in clearing a dangerous condition from the sidewalk were undertaken legally. Petitioner alleges that, in fact, he had previously been instructed by Davis police officers to "scoot the litter out when it's blocking the sidewalks." (Typewritten brief attached to petition (hereinafter P&A) at 2.) Petitioner summarizes his claim in this regard as follows:

> Davis police & town officials violated Sherman's 1st Amendment rights of freedom of assembly & his 14th Amendment rights to due process & equal protection under the law; unconstitutionally giving Sherman a citation when Sherman had done no wrong, refusing to cite those who were blatantly & regularly breaking the law robbing citizens of their rights daily & placing them in very real danger of injury & harm, & by failing to provide police protection for Sherman & other citizens!

(Id.) Petitioner's claim appears to be directed toward the Davis police department and "city officials." (Id. at 3-4.)

All of petitioner's claims were summarily denied by the California Supreme Court. (Answer, Ex. D.) Accordingly, this court must "look through" to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). The last reasoned decision on petitioner's claim in this regard was issued by the Appellate Department of the Yolo County Superior Court, which rejected this argument by petitioner on the ground that it did not "state a defense of necessity or any other valid legal argument." (Answer, Ex. A at 43.)

The essence of petitioner's claim appears to be that his federal constitutional rights were violated by the failure of the Davis police department to charge his neighbors with a crime because of their actions in placing the recyclable trash bins on the sidewalk. He contends that this failure prevented him from exercising his constitutional right to "assembly" and violated his right to "police protection." (Pet. at 6-7.) Petitioner also claims that his constitutional rights to due process and equal protection were violated because of the decision of the California authorities to charge him with a crime when his actions in moving the recycle bins off the sidewalk and onto the street were lawful.

Petitioner has failed to demonstrate that the state courts' rejection of these claims is contrary to or an unreasonable application of federal law. It has been held that " '[s]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.' " Wayte v. United States, 470 U.S. 598, 607 (1985) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)). In addition, "'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" Bordenkircher, 434 U.S. at 364 (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)). In order to prevail on this claim, petitioner must show that he was selected for prosecution "on the basis of an impermissible ground such as race, religion or

exercise of ... constitutional rights," United States v. Moody, 778 F.2d 1380, 1386 (9th Cir. 1985), amended on other grounds, 791 F.2d 707 (9th Cir. 1986) and that the selective prosecution was "motivated by a discriminatory purpose." Wayte, 470 U.S. at 608.

Petitioner has failed to make the required showing. The record before this court indicates that petitioner's prosecution was based on evidence, including his admission to the police officer responding to the scene, that he had deliberately caused trash to spill onto the street. Contrary to petitioner's numerous unsupported allegations, there is no evidence in the record suggesting that he was prosecuted for exercising his right to "assembly" or for any other illegitimate reason. Moreover, petitioner has failed to make a showing that the Davis authorities had a discriminatory motive in choosing to prosecute him for littering and in not prosecuting his neighbors. Nor has he shown that his prosecution resulted from any personal or vindictive bias. See United States v. Doe, 125 F.3d 1249, 1256 (9th Cir. 1997). Petitioner has also failed to demonstrate a violation of his constitutional rights resulting from the failure of the police to arrest or cite his neighbors. The Davis authorities have no federal constitutional obligation to charge any particular person with a crime. See United States v. Kidder, 869 F.2d 1328, 1335 (9th Cir. 1989).

Petitioner's citation to case law concerning police actions which deny citizens the right to be on a public sidewalk or otherwise to assemble are factually distinguishable and not on point. There is no evidence that Davis authorities obstructed petitioner's right to walk on the sidewalk or in any way prevented him from exercising his constitutional rights.

Petitioner has failed to carry his burden under 28 U.S.C. § 2254(d) with respect to this claim and, accordingly, relief should be denied.

III. Insufficient Evidence

Petitioner next claims that the evidence was insufficient to support his convictions on charges of littering and violating his probation. The court will evaluate these claims in turn below after setting forth the applicable legal principals.

A. Legal Standards

There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). See also Prantil v. California, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam). "Put another way, the dispositive question under Jackson is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004) (quoting Jackson, 443 U.S. at 318).[4] The court must review the entire record when the sufficiency of the evidence is challenged in habeas proceedings. Adamson v. Ricketts, 758 F.2d 441, 448 n.11 (9th Cir. 1985), vacated on other grounds, 789 F.2d 722 (9th Cir. 1986) (en banc), rev'd, 483 U.S. 1 (1987). It is the province of the jury to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. "The question is not whether we are personally convinced beyond a reasonable doubt. It is whether rational jurors could reach the conclusion that these jurors reached." Roehler v. Borg, 945 F.2d 303, 306 (9th Cir. 1991). The federal habeas court determines sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. 307, 324 n.16; Chein, 373 F.3d at 983.

/////

/////

/////

/////

---

[4] The Ninth Circuit Court of Appeals has declined to consider the question of whether the AEDPA requires an additional degree of deference to state courts' resolution of sufficiency of the evidence claims. See Bruce v. Terhune, 376 F.3d 950, 956 (9th Cir. 2004); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004). Because petitioner's claim fails even when measured under the Jackson standard this court also need not address whether the enactment of the AEDPA altered that test for purposes of federal habeas proceedings.

B. Littering

Petitioner claims there was insufficient evidence introduced at his trial in state court to support his conviction for littering.[5] He states that his actions in moving the trash bins from the sidewalk to the street were intended to make the streets safer for pedestrians and were a reasonable reaction to a hazardous condition which did not violate the spirit or the intent of the statute.[6]

The Appellate Division of the Yolo County Superior Court provided the last reasoned state court decision addressing petitioner's claim of insufficient evidence. The state court rejected the claim, stating as follows:

> [T]he test for deciding a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. See People v. Babcock (1993) 14 Cal.App.4th 383, 386. The evidence must be viewed in the light most favorable to the party that

---

[5] The lodged record and the parties' briefs in this matter reflect some confusion as to whether petitioner was convicted of the infraction of "dumping" or the different infraction of "littering." For instance, all of the documents in the state court record indicate that petitioner was charged with and/or convicted of dumping, a violation of California Penal Code § 374.3(a). (See Answer, Ex. B.) To add to the confusion, while the Appellate Division of the Yolo County Superior Court noted that petitioner was informed that his court trial would involve "the littering infraction," the court proceeded to analyze petitioner's claims as if he had been convicted, instead, of the "dumping" infraction. (Answer, Ex. A at 42-43.) All of the state court's minute orders reflect that the charge against petitioner was Cal. Penal Code § 374.3(a) (dumping). (Answer, Ex. B.) Respondents state that petitioner was actually convicted of "littering," and suggest that the error in the minute orders may stem from the fact that petitioner was arrested for dumping, and not for littering, and that his "custodial status" was not changed after the charge was amended. (Further Briefing at 4 n.3.) The confusion in this regard extends to the briefs filed in this court. Petitioner refers to his violation of both "littering" and "dumping." (Pet. at 5, 6; P&A at 7.) Respondents assume in their answer that petitioner was convicted of a violation of California Penal Code § 374.4(a) (littering). Finally, the reporter's transcript of the trial as well as the amended complaint filed against petitioner on the first day of trial indicate that petitioner was convicted of littering, in violation of California Penal Code § 374.4(a). (See Answer, Ex. A at 13; Ex. C at 14, 15, 32.) Prior to the start of trial, petitioner was advised by the court that the charge involved "the substantive charge of littering" and petitioner stated that he was ready to proceed on that charge. (Answer, Ex. C at 14, 15.) Relying on these records, this court finds that petitioner was convicted of littering, in violation of Cal. Penal Code § 374.4 and will analyze petitioner's claims accordingly.

[6] Although petitioner frames his arguments as two separate claims, for analytical purposes they comprise only one claim and will be addressed accordingly.

> prevailed in the trial court, since the ability to judge the credibility of witnesses, resolve conflicts, weigh evidence and draw factual inferences is vested in that court. See People v. Wilkins (1993) 14 Cal.App.4th 761, 772. Cal. Penal Code § 374.3(a) states that it is unlawful to dump any waste matter upon any public road. That section does not define "waste matter." However, waste matter is defined elsewhere in the Code as, *inter alia,* beverage containers and closures, packaging, wrappers, wastepaper, newspapers and magazines. See Cal. Penal Code § 374.4(c). It is a well-established rule of construction that when a phrase has been given a particular meaning in one part or portion of a law it shall be given the same meaning in other parts of the law. See Steketee v. Lintz, Williams & Rothberg (1985) 38 Cal.3d 46, 52. The appellant's neighbor testified that she saw him kick recycling bins from the sidewalk into the gutter, spilling their contents. See RT 161; 14-23; 17:8-15. The court found this testimony to be truthful. See RT 32:6-10. This evidence was sufficient to find that the appellant violated Cal. Penal Code § 374.3(a).

(Answer, Ex. A at 43.)

The Yolo County Superior Court mistakenly analyzed petitioner's sufficiency of the evidence claim as if petitioner had been convicted of a violation of Cal. Penal Code § 374.3 (dumping). As described above, petitioner was actually convicted of a violation of Cal. Penal Code § 374.4 (littering). Because the state court's decision is based on an unreasonable determination of the facts of this case, this court must analyze petitioner's claim de novo. See Rompilla v. Beard, ___ U.S. ___, 125 S. Ct. 2456, 2467 (2005) ("Because the state courts found the representation adequate, they never reached the issue of prejudice . . . and so we examine this element of the Strickland claim de novo . . . ."); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1243 (9th Cir. 2005) (because the state court's decision was contrary to clearly established federal law, the court was not bound by 28 U.S.C. § 2254(d)(1)); Cooperwood v. Cambra, 245 F.3d 1042, 1046 (9th Cir. 2001) ("when a state court employs the wrong legal standard, the AEDPA rule of deference does not apply").

California Penal Code § 374.4(a) provides that "[i]t is unlawful to litter or cause to be littered in or upon any public or private property." California Penal Code § 374.4(c) defines "litter" as:

> the discarding, dropping, or scattering of small quantities of waste matter ordinarily carried on or about the person, including, but not limited to, beverage containers and closures, packaging, wrappers, wastepaper, newspapers, and magazines, in a place other than a place or container for the proper disposal thereof, and including waste matter which escapes or is allowed to escape from a container, receptacle, or package.

The testimony at petitioner's trial established that petitioner kicked recycle bins that had been placed on the sidewalk, causing small quantities of waste matter to escape from the bins onto the public street. This testimony constituted evidence from which a reasonable trier of fact could have found beyond a reasonable doubt that petitioner was guilty of littering, as that crime is defined by California law. Accordingly, petitioner is not entitled to relief on his claim that the evidence introduced at trial was insufficient to support his littering conviction.[7]

C. Violation of Probation

Petitioner also claims there is insufficient evidence that he violated the terms of his probation. He states, "Sherman did not litter; therefore there is no evidence at all that Sherman violated probation." (Pet. at 20.)

---

[7] In the traverse, petitioner appears to raise a new claim that his Fourth Amendment right to be free from unreasonable searches and seizures was violated when he was arrested and charged with a crime, while his neighbors were not charged with a crime. (Traverse at 8-10.) If this is not the case, then this is the same argument rejected above with respect to petitioner's claim that his rights under the First and Fourteenth Amendments were violated when he was charged with littering while his neighbors were not. However, to the extent petitioner is attempting to belatedly raise a new claim in this manner, it is conclusory and improperly raised and should be denied on that basis. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief"). In any event, petitioner is not entitled to relief on a Fourth Amendment claim. The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). There is no evidence before the court that petitioner did not have a full and fair opportunity to litigate a Fourth Amendment claim in state court. Accordingly, the claim is also barred in this federal habeas proceeding. Stone, 428 U.S. at 494.

The lodged state court record reflects that the terms of petitioner's probation in connection with his previous conviction for trespassing included the requirement that he "obey all laws." (Answer, Ex. A at 43.) Petitioner was convicted of violating the terms of that probation because he violated the law prohibiting "littering." As discussed above, there was sufficient evidence presented at petitioner's trial to support his conviction on the charge of littering. Accordingly, petitioner's claim that his conviction of littering provided insufficient evidence of a violation of the terms of his probation because he "did not litter" lacks merit and should be denied.

IV. Notice of Charges

Petitioner's next claim is that he was denied his Sixth Amendment right to "be informed of the nature and cause" of the littering charge because the amended complaint charged him with a violation of Cal. Penal Code § 374.4(a) (littering) but he was actually tried for a violation of Cal. Penal Code § 374.3(a) (dumping). He argues that the discrepancy prevented him from preparing a "competitive defense" because of the "significant" difference in the wording of the two code sections. (Pet. at 19.) This claim was raised for the first time by petitioner before the California Supreme Court, which summarily denied relief. Accordingly, this court must independently review the record to determine whether the state court clearly erred in its application of federal law. Delgado, 223 F.3d at 982.

The Sixth Amendment, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges against him. Cole v. Arkansas, 333 U.S. 196 (1948); In re Oliver, 333 U.S. 257, 273-74 (1948); Calderon v. Prunty, 59 F.3d 1005, 1009 (9th Cir. 1995). In order to determine whether a defendant has received constitutionally adequate notice, the court looks first to the charging document. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Calderon, 59 F.3d at 1009. The Constitution is satisfied if the charging document states "the elements of an offense charged with sufficient clarity to apprise a defendant of what to

defend against." Russell v. United States, 369 U.S. 749, 763-64 (1962). See also James, 24 F.3d at 24 ("The principal purpose of the information is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense.")

However, it has also been recognized that adequate notice of the nature and cause of the accusation may be provided to a defendant by means other than the charging document. See e.g., Calderon, 59 F.3d at 1010 (defendant received adequate notice of the nature of the charge and the prosecution's theory through the prosecutor's opening statement, the evidence introduced at trial and by the trial court's description of the crime scene in ruling on his motion for acquittal at the close of the prosecution's case); Stephens v. Borg, 59 F.3d 932, 936 (9th Cir. 1995) (defendant found to have received adequate notice of the prosecution's intent to rely on a felony-murder theory where the prosecution requested such an instruction while the defense case was being presented); Morrison v. Estelle, 981 F.2d 425, 428-29 (9th Cir. 1992) (defendant received adequate notice of the prosecution's felony-murder theory through testimony adduced at trial during course of trial and when the prosecution requested a felony-murder instruction two days before closing arguments); Nevius v. Sumner, 852 F.2d 463, 471 (9th Cir. 1988) (adequate notice provided because the indictment referred to the state statutes defining the crime).

As described above, the state court record reflects that the citation received by petitioner from Police Officer Sihner reflected a charged violation of Cal. Penal Code § 374.4 (littering). Although that charge was later changed to reflect that petitioner had committed a violation of Cal. Penal Code § 374.3 (dumping), prior to petitioner's trial the charging document was amended to clarify that petitioner was being tried for littering. At the commencement of petitioner's trial, the court announced that petitioner had been charged with "a substantive charge of littering." (Answer filed October 23, 2002, Ex. C, at 14.) The prosecutor stated that he had given petitioner a copy of the amended complaint and the trial judge responded, "All right. The first – the new charges [sic] infraction, littering, on March 7th." (Id. at 15.) During his trial

/////

testimony, Officer Sihner confirmed that on March 7, 2000, he had issued a citation to petitioner for "littering." (Id. at 21.)

Petitioner claims that, while the amended complaint charged him with a violation of Cal. Penal Code § 374.4(a) (littering), he was actually prosecuted and tried for a violation of Cal. Penal Code § 374.3(a) (dumping). He argues, "the original citation was for alleged violation of Ca. PC 374.3(a) (citation); this was then specifically amended to Ca. PC 374.4(a) by the district attorney (amended complaint), therefore appellant had every reason to believe he should be preparing for & fighting allegations of Ca. PC 374.4(a) & was clearly deprived of his ability to competitively prepare for the trial." (Pet. at 18-19.)

The record does not support petitioner's factual assertions that he was cited for a violation of the "littering" statute but tried for a violation of the "dumping" statute. As described above, the record reflects that petitioner was initially cited for "littering," and was actually tried for "littering" even though, in the interim, the charge against him was changed to "dumping." Petitioner was notified by the police citation, the trial judge, and the amended complaint that he was facing a charge of "littering." In any event, petitioner complains that he was only prepared to defend against a charge of "littering." Since he was actually tried for the charge to which he had apparently prepared a defense, there was no violation of his Sixth Amendment right to notice.

The court also concludes that petitioner was not prejudiced by an inability to present an adequate defense to the charges against him. As explained above, Cal. Penal Code § 374.4(a) prohibits "littering," which is defined as "the discarding, dropping, or scattering of small quantities of waste matter" in a place that is not proper for the disposal thereof. Cal. Penal Code § 374.3(a) prohibits "dumping," and provides that it is unlawful to "dump or cause to be dumped

/////

/////

/////

any waste matter in or upon any public or private highway or road."[8] The difference in language between Cal. Penal Code § 374.4(a) and 373.4(a) is insignificant under the facts of this case. Petitioner's defense at trial was that he moved the recyclable trash off of the sidewalk and into the street in order to abate an obvious danger to pedestrians and did not intend for trash to spill onto the street. He also disputed Officer Sihner's testimony that trash actually fell into the street. This was an acceptable and adequate defense to both a charge of "littering" and a charge of "dumping." Petitioner does not explain how he would defend against either charge differently; indeed, the facts do not give rise to any other plausible defense. The notice given to petitioner of the charges against him was sufficient to enable him to prepare an adequate defense and he did, in fact, mount an adequate defense to both charges. In short, petitioner received adequate notice of the "nature and cause of the accusation" against him.

Petitioner cites the decision in Sheppard v. Rees, 909 F.2d 1234, 1236 (9th Cir. 1990) in support of his claim. In that case, the Ninth Circuit Court of Appeals held that a denial of the Sixth Amendment right to notice of "the nature and cause of the accusation" is not subject to harmless error analysis if the prosecutor deliberately misled the defendant, thereby denying him an effective opportunity to prepare a defense. However, in Morrison the court described the holding in Sheppard as "narrow" and, finding it inapplicable to case before it, described the unique situation confronted by the court in Sheppard as follows:

/////

/////

---

[8] The full text of Cal. Penal Code § 374.3(a) provides:

> It is unlawful to dump or cause to be dumped any waste matter in or upon any public or private highway or road, including any portion of the right-of-way thereof, or in or upon any private property into or upon which the public is admitted by easement or license, or upon any private property without the consent of the owner, or in or upon any public park or other public property other than property designated or set aside for that purpose by the governing board or body having charge of that property.

> In Sheppard, the prosecution argued throughout the defendant's trial that the killing was premeditated and deliberate. Id. at 1235. "At no time during pretrial proceedings, opening statements, or the taking of testimony was the concept of felony-murder raised, directly or indirectly," Id. Nevertheless, on the morning of closing arguments, the trial court granted the prosecution's request for a jury instruction on the theory of felony murder. This Court concluded, and the State subsequently conceded, that Sheppard was ambushed by a pattern of government conduct that affirmatively misled him and denied him an effective opportunity to prepare his defense. Id. at 1236.

Morrison, 981 F.2d at 428. Here, as in Morrison, there is absolutely no suggestion in the record that the prosecutor in this case, the court or anyone else, deliberately misled petitioner as to the nature of the charges against him. Petitioner was not ambushed. Rather, the nature of the prosecution and the theory of the prosecutor were clear from the outset. Accordingly, the narrow ruling of Sheppard is factually distinguishable and does not provide support for petitioner's argument. Id. For all of these reasons, petitioner is not entitled to relief on this claim.

V. Right to a Hearing

In his final claim, petitioner contends that his right to due process was violated because he was deprived his right to a hearing on the charge of violating the terms of his probation in case No. 97-3363. (Pet. at 20-21.) The four prongs of petitioner's claim in this regard are: (1) he was unaware that the trial which took place on July 14, 2000, was intended to include the charge of violating probation; (2) he did not, in fact, receive a hearing on the charge of violating probation; (3) he objected to the lack of a separate hearing; and (4) this situation deprived him of the right to "stipulate to a judge" and to present evidence and call witnesses on his behalf.

The state court record that has been lodged with this court reflects that on July 14, 2000, petitioner was the defendant in a court trial during which evidence was heard from several prosecution witnesses and from petitioner himself with respect to his actions in causing litter to spill out onto the street. (Answer filed October 23, 2002, Ex. C.) Prior to the start of trial, the judge informed the parties that the trial involved "an allegation of violation of probation" and "a

substantive charge of littering." (Id. at 14.) Upon conclusion of the presentation of evidence and arguments, the court found petitioner guilty of littering and also of violating his probation in case No. 97-3363. (Id. at 32.) In its decision on petitioner's appeal from the littering conviction and violation of probation, the Yolo County Superior Court explained, in relevant part, as follows:

> The appellant argues that the trial court erred because (1) the court did not have jurisdiction to examine the matter of probation violation because the appellant did not receive a special hearing on the matter and did not stipulate to a commissioner hearing the probation violation . . .
>
> As to the appellant's first argument, parties may, by their conduct impliedly stipulate that a commissioner may act as a temporary judge in a specific preceding. [sic] See In re Horton (1991) 54 Cal.3d 82, 91. Parties may impliedly stipulate even when they are not aware that a stipulation is required. See In re Courtney H. (1995) 38 Cal.App.4th 1221, 1227. Here, the appellant was informed at his arraignment that his court trial would involve both the littering infraction and the violation of probation. See RT 9:25-10.7; RT 12:18-13:5. The commissioner announced at the beginning of the court trial that the littering and violation of probation charges would be tried together. See RT 14:10-13; RT 15:8-10. The appellant thus had ample time to object to the commissioner hearing the matters or hearing them together. He did not do so until the court announced its decision. See RT 37:10-21. By his conduct, he impliedly stipulated to have those matters heard by the commissioner. Therefore, the court had jurisdiction to decide those matters.

(Answer, Ex. A at 42.)

The state court record reflects that petitioner had notice of the charges against him, including the charge that he had violated his probation, and that he had a hearing in which he was provided the opportunity to call witnesses and/or to testify in his defense with respect to all charges. Further, the issue of petitioner's guilt of violating his probation depended solely on whether he was found guilty of littering. In other words, his defense to the littering charge was indistinguishable from his defense to the charge of violating probation. Under those circumstances, petitioner's right to due process was not violated. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("[t]he fundamental requirement of due process is the opportunity to be

/////

heard "at a meaningful time and in a meaningful manner") (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:sherman373.hc