1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH A. SHERMAN,

11            Petitioner,                    No. CIV S-02-0373 FCD DAD P

12       vs.

13   CALIFORNIA ATTORNEY
     GENERAL, et al.,
14

15            Respondents.                   ORDER

16   _____/

17            Petitioner, a state prisoner proceeding pro se, has filed this application for a writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

20            On October 21, 2005, the magistrate judge filed findings and recommendations

21   herein which were served on all parties and which contained notice to all parties that any

22   objections to the findings and recommendations were to be filed within twenty days.  Neither

23   party filed objections; accordingly, a judgment was entered on November 22, 2005, denying the

24   application.  On November 30, 2005, the court vacated the judgment and granted the petitioner

25   leave to file objections to the findings and recommendations.  On January 4, 2006, petitioner

26   filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed October 21, 2005, are adopted in full; and

2.  Petitioner's application for a writ of habeas corpus is denied.

DATED: January 25, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge

---

[1]  In his objections to the findings and recommendations, petitioner alleges, for the first time, that the Davis Police Department is engaged in a general vendetta against him, in part because of his "free speech evangelism (religion) activities" and in part because of his exercise of "any & all of his rights."  (Objections at 2, 3.)  These unsupported and conclusory allegations are insufficient to support a claim of discriminatory prosecution.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("presentation of conclusory allegations unsupported by specifics is subject to summary dismissal"); Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'").